Good morning. Thank you, Your Honor. My name is J. Michael Keyes from Preston, Gates & Ellis, and I represent Mr. Roland Wheeler in this appeal. Your Honors, there's two issues before the Court today, both of which it's our belief that the legal issue is guided exclusively by this Court's previous decision in the Wyatt case decided earlier last year in 2003. The trial court in this case, sua sponte, dismissed the complaint filed by Mr. Wheeler for Mr. Wheeler's alleged failure to exhaust his administrative remedies. This Court in Wyatt v. Terrehune in 2003 indicated that failure to exhaust and whether there has been a failure to exhaust is an affirmative defense that must be pled and proved by the defendants in any action. Therefore, we believe that the trial court's sua sponte dismissal was improper, that this case should be remanded, that the complaint should be reinstated and only dismissed for failure to exhaust if the defendants choose to plead that defense and are successful in pleading that defense, in proving that defense. Just briefly, the facts that were set forth in the complaint indicate that Mr. Wheeler has been at this Idaho Correctional Institute for about four years. He was transferred there in 2000. Upon his arrival, soon thereafter, there was a series of problems that he had. He has a chronic medical condition dealing with his back and legs and also is an asthmatic and has significant heart troubles, calling for a series of various medical treatments for these maladies. It's Mr. Wheeler's contention that he was not treated accurately or was not treated pursuant to these needs, that he had significant setbacks. The record does indicate that Mr. Wheeler did go through the administrative process and exhaust those remedies that were Mr. Wheeler indicates that in the box where it's asked, did you exhaust your administrative remedies, Mr. Wheeler checked yes. You know, at this stage, am I right that we don't really have to decide whether he exhausted or whether they should be contradicted? The only issue is whether the judge could sua sponte dismiss the complaint on that ground when an affirmative defense hadn't been pleaded. And as I understand it, why it says that it has to be pleaded as an affirmative defense. So it looks to me like Appellant's got a pretty good claim here. Absolutely, Your Honor. And once it goes, if it goes back and that failure to exhaust is pleaded, then parties can submit evidentiary issues, if there are any, and get that resolved. But it seems to me we can't decide here today whether, in fact, the record shows it was exhausted or not. Your Honor, I wholeheartedly agree. I simply highlight that as a counterpoint to the Respondent's argument in the brief that indicates that it's appropriate for the trial court to dismiss sua sponte if it's clear from the face of the complaint that there has been a failure. It might be true if the complaint makes clear that there wasn't exhaustion. But here, it looks a little loose as to whether it was exhausted, but he did check off a box saying he exhausted it, right? Is that the cover sheet that went with the complaint? Yes, Your Honor. Okay. So absolutely, there is at least an ambiguity here as to whether he exhausted. It's Mr. Wheeler's contention that he did exhaust. But as I indicated, the reason I point that out is to illustrate the deficiency with the Respondent's argument, that even if the legal standard was that a complaint can be dismissed due to a lack of exhaustion on the face of the complaint, we clearly don't have that here, as Mr. Wheeler indicated, that he did exhaust. Even if there's a lack of exhaustion on the face of the complaint, it would still be up to the defense to plead it, wouldn't it? Absolutely. And for a very good policy reason, Your Honor, as Judge Easterbrook pointed out in the Perez case out of the Seventh Circuit, that sometimes a defendant in this particular context may want to waive the requirement of exhaustion in order to get a judicial decree dealing with a difficult inmate or some other legally significant problem. Therefore, it may be to the defendant's advantage to simply waive the exhaustion requirement to get legal guidance from a court of competent jurisdiction. Did the district court's ruling here that you brought up on your appeal, did it predate the Wyatt decision? It did, by about two years. So in fairness to Magistrate Judge Williams, he did not have the guidance of this court's jurisprudence from Wyatt. Okay. Well, I'll just say from my perspective, I don't know how the other members of the panel feel. Like, I don't really need to hear more on your claim. You might want to reserve time to rebut whatever is argued by the appellee. I don't know how it will work. I have a couple of questions. First is just procedurally, was there a motion to dismiss or did the judge just respond to a dismiss? There was no responsive pleading filed at all. No motion. And then is there some conflict between, I guess, we decided Walker and Wyatt, and the Seventh Circuit did Walker. Walker said that you could dismiss if it was plain from the face of a complaint, that the suit could be frivolous. And I don't think Wyatt has that same phrase in it. I'm just wondering if you could ever dismiss for failure to, if you're going to say it's an affirmative defense, if you could ever say that on the face of the complaint it's plain that there was no exhaustion. We believe that, no, that would be incorrect for a trial court to be able to dismiss it on the face of a complaint. It would be incorrect to dismiss it on the face of the complaint for lack of exhaustion because it is an affirmative defense, as indicated by this Court in the Wyatt decision. Therefore, as we all know, affirmative defenses can be waived if not pled in the responsive pleading. Therefore, we believe that the Court is without the authority to ever dismiss the case unless there's been a motion pending before the Court for dismissal. So maybe the Seventh Circuit got it wrong when it said it is true that when the existence of a valid affirmative defense is so plain from the face of the complaint because it would seem they would always have to be required to at least plead it. I agree, Your Honor. Yes, I think that the Seventh Circuit's decision in that regard conflicts with Wyatt. I think Wyatt was pretty explicit in how it went about setting forth that this is not a substantive legal issue. This is a procedural issue and an affirmative defense at that. I'm inclined to agree with what I take to be the substance of Judge Wardlaw's comment in her question to you. But at the same time, it strikes me we really wouldn't have to decide. We don't necessarily have to decide that we disagree with what Walker said, because even if you accepted the Walker rule, you've argued that on the face of the complaint, including the civil cover sheet, he's alleged that he exhausted. Absolutely. And checked off. Is that not in the complaint itself but in the civil cover sheet? Is that separate? Yes, Your Honor. It's not. There was an attendance sheet to that complaint asking if you had exhausted administrative remedies, and he did check off on the sheet that he had. For purposes of being completely forthright here, Mr. Wheeler did indicate on the following page that he, what seems to indicate that he thought he didn't have to exhaust administrative remedies under the ADA. Now, whether he was actually making that as a legal argument that he was not required to exhaust administrative remedies, it's not clear. But even looking at those two pages in conjunction with each other clearly indicates that there's a pretty good argument to be made from Mr. Wheeler that he did exhaust, or at least that's the impression that he made to the trial court. Is Mr. Wheeler still in prison? I believe he is, Your Honor, yes. Okay. I will reserve the balance of my time. Thank you. Thank you. Good morning, Your Honors. My name is Jeremy Chew. I'm a Deputy Attorney General for the State of Idaho. At this time, I'd like to reserve at least seven or, I'm sorry, at least three minutes for co-counsel for his presentation. Respondents agree that Wyatt does control in this case, in fact. And Wyatt has stated that pleading and alleging exhaustion of administrative remedies is an affirmative defense. However, Wyatt does not state that the Prison Litigation Reform Act provides a blanket prohibition for a court's sponte dismissal for failure to exhaust. In fact, the last portion of Wyatt reads that, or specifically states, a third possibility that the district court can infer from Wyatt's making a futility argument that he conceded non-exhaustion. In cases where the face of the complaint states that there's a concession or there's admission that the plaintiff has failed to exhaust his administrative remedy, then by all rights, the district court, the magistrate court, has authority to sue his sponse. Well, you say by all rights, but, you know, if we treated it like a traditional affirmative defense under, I guess it's Rule 8c of the Federal rules, if the affirmative defense isn't pleaded, it's waived. So even assuming that a complaint suggested I haven't exhausted on its face, said, yes, I haven't exhausted, but I don't think I have to, if the defendant didn't plead lack of exhaustion or failure to exhaust, and if it's an affirmative defense, why wouldn't the case be able to go forward? Because if the plaintiff concedes or admits that he failed to exhaust the administrative his administrative remedies, then 1997e states that the court on its own motion or by motion of the parties may dismiss based on frivolous. It would be frivolous, even the Booth case. It's only frivolous if an affirmative defense is presented. Well, not necessarily. If an affirmative defense is waived, let's say that you had a tort claim, and under the law of the place where you're injured and you're going to sue, you had three years to sue, and you didn't, and after four years, you brought a suit, and you said, you know, in your complaint, this suit is brought four years after the accident. That's correct. After the claim arose. If the defendant, for whatever reason, instead of pleading the affirmative defense of the statute of limitations, decides they want to take on the case to make a precedent or for some other reason, they can waive it. So the claim isn't, your tort claim isn't frivolous, although it would be, you know, subject to dismissal if the affirmative defense was pleaded. So it's hard for me to see how, if it's an affirmative defense, that we can say that a claim is frivolous before it's pleaded. And Your Honor raises a very good point. In this case, however, it's slightly different, just because you, I'm sorry, 28 U.S.C. 1915a specifically states that the district court is required to review the complaint or prisoner's complaints to determine whether or not they're frivolous or claims that are stated without basis. It's frivolous, right. But if it's an affirmative defense, then why would it not be correct that the complaint is not frivolous unless and until the affirmative defense is at least pleaded? Right. I understand the frivolous argument, but you still have to overcome the 12b-6, dismissal based on the failure to state a claim or a cause of action. And examining 1997e, the statute actually states that it's a mandatory requirement. So I don't know. Mandatory to review whether it's frivolous, but if the affirmative defense is not pleaded because the State decides not to plead it, why would it be frivolous? I think we're going a little too far in our reading of 1997e, because what it says is the Court shall on its own motion or on the motion of a party dismiss if the Court is satisfied. So something needs to be said. It's only mandatory in the sense if the Court makes that determination that the case is in fact frivolous. And so I think by saying it's a mandatory dismissal statute, I don't think it really does leave some discretion to the judge to decide to say I'm satisfied or not. And given that, then why can't why can't a judge simply decide, well, I'm not going to be satisfied that this matter is frivolous if the defendant doesn't plead it as an affirmative defense, no matter what the plaintiff says, because these are mostly these are obviously usually pro se plaintiffs. So the papers aren't always. Well, the proper remedy with respect to frivolousness or with respect to the statute is a dismissal without prejudice. So prisoners do have the option to fix their complaint and refile. In this present case, what happened was the magistrate judge cited the correct standard, which was frivolous, fails to state a claim for which relief may be granted. What does the Reform Act say about exhaustion? Pardon me? What does the Reform Act itself say specifically about exhaustion? The Reform Act specifically says that no action shall be brought with respect to prison conditions under 1993 of this title or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies are available or exhausted. So it couches in the term, it uses the word shall. So how do you deal with the fact that the civil, I'm calling it a civil cover sheet. Maybe it's called something else. That's what it was called in the Western District of Washington. But the sheet filed with the complaint checked off a box saying that I've exhausted. We agree that at the time that this decision was issued, there was no, the Ninth Circuit did not speak as to whether or not the allegation of an exhaustion of administrative remedy was acquired. So at the time that Magistrate Judge Williams made his decision, it was correct, because on the face, he determined that on the face of the complaint, there wasn't an allegation of exhaustion of administrative remedies. I thought that with the complaint, there was a cover sheet filed. I don't know if it necessarily was a cover sheet. Well, I don't know. What do you call the sheet that was filed with the complaint? It was, I thought it was just a form that prisoners use to file their complaints. I don't know where they receive their forms. It's a form complaint. Right. But whatever it was, it said, checked off a box saying I've exhausted. It did. In one place. In another place, it also stated that he wasn't under no obligation to exhaust. I understand. But those aren't mutually inconsistent allegations. Right. And I've exhausted, but if you contest it, so what? I'm not required. But, I mean, I don't see how with that checked off, it's treated as an affirmative defense. And Respondents definitely understand the judge's concerns with respect to that. What we're asking is that if we could, if we could just stick with the precedent that's already set in Wyatt and not expand it, there is a possibility that your dismissed for failure or for frivolousness or failure to state a claim might expand what is already issued by this Court. And there's simply no authority for that. I'm going to leave three minutes to your colleague. Thank you very much. If there's no other further questions. Good morning, Your Honors. My name is John Burke, and I represent Correctional Medical Services. And if I can just perhaps follow up on a couple of the statements made by counsel. With regard to the cover sheet that has been referred to, I would refer the Court to the excerpts of records, pages 26 and 27. And it's my understanding that that's actually not a cover sheet, but is actually civil rights complaint in which on one page he alleged that he had completed the administrative remedies requirement, and then on the second page indicated that he did not need to require or need to exhaust remedies as to the ADA and Rehabilitation Act claims. I think our position this morning is that if this plaintiff had in fact perhaps marked that he had not exhausted administrative remedies, that would certainly be a concession by the plaintiff, which would warrant a sua sponte dismissal by the Federal District Court in a manner contemplated by the Prisoner Litigation Reform Act, as well as Wyatt. I don't know. I just think Wyatt might be a little internally inconsistent. And more than that, it's somewhat impractical because these complaints get filed, and now we're saying to the district court, you have to review the complaint and then figure out whether you think any exceptions to exhaustion might apply. It's putting a lot of burden on the district court to do that, rather than just waiting to see, you know, what the defendant's going to say. I think that there will certainly be some circumstances, however, where it will be apparent from the face of the complaint, and in order to allow dismissal sua sponte at the early stage of proceedings would certainly be consistent with the goals of the PLRA. And it would certainly be consistent with language in the Booth v. Turner case in which, you know, the Supreme Court upheld the dismissal, which was an example of a case in which the plaintiff admittedly did not exhaust his administrative remedies. But in any event here, he did check off the box. Even if we weren't, didn't expand Wyatt, and we said that if a complaint on its face, and I don't know if it's expanding Wyatt or just following it, but even if we said, despite Wyatt, if a complaint on its face says, there's no exhaustion, a district court could sua sponte dismiss. Here, the complaint on its face asserted there was exhaustion. And then it said, but I don't have to exhaust. But it still says there was exhaustion. So, I mean, would you concede that we have to send this back? In this instance, if you can see. Yeah, in this instance, that's what this case is about this case. I would agree with that. So you say we have to send it back, but you would just like us in sending it back to leave open that if somebody had said in their complaint that they didn't exhaust, that that could be sua sponte dispensed? Absolutely. Despite Wyatt. Or because of Wyatt and other cases. In fact, I would refer to the Ray case on which the appellant relies. In that case, at 285, F3rd, page 293, the court notes that in both Booth and Nyhuis, the plaintiff prisoners explicitly conceded their failure to exhaust administrative remedies. They go on to note that both dismissals would thus fall within a district court's inherent power to dismiss sua sponte, a complaint which facially violates a BARTIS suit. And so I think Ray allows for that possibility. I think Wyatt does. And certainly Booth supports allowing the district court to do exactly that when it's evident from the face of the complaint. All right. Well, thank you, counsel. And the case of Willer v. Townsend will be submitted.
judges: Canby, Wardlaw, Gould